IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB RETELLE,

            Plaintiff,

   v.

DANE COUNTY FAMILY COURT,
GAL ALYSSA MAHAFFAY,
FAMILY COURT SERVICES, CITY OF MADISON,
MADISON POLICE DEPARTMENT,
CPS OFFICIALS, and JOHN/JANE DOE OFFICERS,

            Defendants.

OPINION and ORDER

25-cv-314-jdp

---

CALEB RETELLE,

            Plaintiff,

   v.

TATYANA GALMORE,
CPS CHILD PROTECTION SERVICES,
GAL ALYSSA MAHAFFAY,
FCS FAMILY COURT SERVICES,
FAMILY COURT OF DANE,
JUDGE RHONDA LANFORD, and DOES 1-10,

            Defendants.

OPINION and ORDER

25-cv-315-jdp

---

Caleb Retelle, a Madison resident, filed the above-captioned lawsuits seeking to remove a state-court paternity action and a state-court criminal cases regarding interference with child custody.[1] Along with the removal requests, Retelle submitted pleadings styled as civil rights complaints in which he attempts to sue various parties involved in the paternity action, his

---

[1] *In Re the Paternity of A. Z. R.*, Dane County Case No. 2021PA107PJ, and *State v. Retelle*, Dane County Case No. 2024CF1694.

criminal proceeding, and his detention at the jail. This court dismissed both cases after Retelle failed to comply with court orders directing him to submit the $405 filing fee for each case or a financial affidavit showing that he was entitled to proceed without prepayment of the filing fees, also known as "in forma pauperis" status. Dkt. 4 in Case No. 25-cv-314-jdp. Retelle seeks to reopen both cases and consolidate them with another related lawsuit filed by his wife, *Christenson v. City of Madison*, Case No. 25-cv-316-jdp (W.D. Wis.), contending that they have properly moved for in forma pauperis status. Dkt. 10 in the '314 case.

I will deny Retelle's motions to reopen these cases in part because he has not fixed the problem that led the court to close them: he still has not properly moved for in forma pauperis status. This court sent him documents on which he could detail his income and expenses to prove that he is indigent. Dkt. 4 in the '314 case. Retelle did not return them.

Even had Retelle submitted financial documentation showing that he is indigent, I would not reopen these cases because his pleadings are flawed in several respects that make reopening them unnecessary. Retelle cannot remove his family-court case or criminal case to this court. To remove a state criminal prosecution there must be a basis under 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"); 1442a ("Members of armed forces sued or prosecuted"); or 1443 ("Civil rights cases"). Nothing in Retelle's notices of removal suggests that they fall under any of these categories. And under the "domestic relations exception" to federal jurisdiction, federal courts generally lack jurisdiction over child custody or support disputes, even if those disputes might otherwise fall under diversity or federal question jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019).

2

Because Retelle also submits pleadings styled as civil-rights complaints against government officials and private citizens involved in his paternity and criminal cases and subsequent detention, I will disregard his notices of removal and instead consider these cases as civil-rights lawsuits. But his complaints fail to properly plead any claims for relief.

It is unclear why Retelle filed two complaints with substantially similar allegations. In both he disagrees with various rulings by the family-court judge and alleges that he was wrongfully arrested for interference with child custody and then was mistreated in jail. These allegations almost certainly violate Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Actions occurring in the paternity case, his criminal case, and his detention are not closely enough related to belong in one lawsuit together. Retelle seems to assert that all of the defendants conspired against him to harm him, but the court reviews conspiracy allegations carefully. *See Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Even at the pleading stage, it is "essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Retelle's allegations do not meet this standard.

In addition, almost all of Retelle's allegations are too vague to state claims against the defendants he names. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under

Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims like these brought under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Retelle wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Retelle generally does not explain the specific actions taken by each defendant that he says harmed him.

There are other problems with particular claims he wishes to bring. He cannot sue the judges in any of his proceedings because they are immune from suits arising from their official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Similarly, guardians ad litem are immune for acts "occur[ing] within the course of their court-appointed duties." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). This court cannot undo state court judgments. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). And I cannot consider claims that would interfere with his pending criminal case until after those proceedings have concluded. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971).

Both of these cases have been dismissed without Retelle owing the filing fees. I will deny his motion to reopen these cases for the reasons stated above. If Retelle still wishes to pursue any of the claims in those complaints, he may attempt to do so by filing a brand-new complaint that this court would consider under a new case number. If Retelle decides to file a new complaint, he should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

4

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He must take care to allege what each defendant did, or failed to do, to violate his federal rights.

- Limit his allegations to one set of events.

- Include with his complaint the full $405 filing fee or a motion to proceed without prepayment of that fee, along with an affidavit demonstrating his indigency.

- Follow the court's rules for filing documents. He may not file documents by fax or by email.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to reopen these cases, Dkt. 10 in Case No. 25-cv-314-jdp, is DENIED.

2. Plaintiff's remaining motions in these cases are DENIED as moot.

Entered October 27, 2025.

                                  BY THE COURT:

                                  /s/

                                  _____

                                  JAMES D. PETERSON
                                  District Judge